**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 12-cr-40004-JPG** |
| | ) | |
| **MONTARICO C. JOHNSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

Before the Court are several motions filed by defendant Montarico C. Johnson (Docs. 32,

43 & 44).  The Government has responded to the motions (Docs. 36, 45 & 46).

As a preliminary matter, the Court notes that there is no general constitutional right to

discovery in a criminal case.  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *see Gray v.

Netherland*, 518 U.S. 152, 168 (1996).  However, Rule 16 of the Federal Rules of Criminal

Procedure and constitutional due process regarding exculpatory material allow criminal

defendants limited access to information regarding the Government's case.

The Court's Order for Pre-Trial Discovery and Inspection (Doc. 10) instructs the parties

to attempt to resolve discovery disputes without recourse to the Court.  If the parties have tried to

resolve their disputes and have been unable to do so, the Court allows them to file a motion for

discovery and a brief in support of the motion within 28 days of the arraignment.  Any motion

filed with the Court must contain a statement that a discovery conference was held and that

agreement could not be reached concerning the discovery or inspection that is the subject of the

motion.  The defendant has not complied with this order in that his motions are untimely and he

failed to include all of the statements required regarding attempts to resolve discovery disputes

without recourse to the Court.  For this reason, and those set forth below, the Court will deny the

pending motions (Docs. 32, 43 & 44).

**I.      Motion for Disclosure of Grand Jury Testimony** (Doc. 43)

Johnson asks the Court to order disclosure of grand jury testimony pursuant to Federal

Rule of Criminal Procedure 6(e)(3)(E)(i).  He believes the testimony is necessary to prevent a

wrongful conviction.  The Government responds that Johnson has not provided sufficient

justification for disclosure of secret grand jury proceedings and that it is willing to turn over the

grand jury testimony of the witnesses it intends to call at trial the week before trial pursuant to its

obligations under the Jencks Act, 18 U.S.C. § 3500.

Johnson is not entitled to production of the grand jury transcripts he seeks.  For centuries,

grand jury proceedings have been kept secret.  *In re EyeCare Physicians of Am.*, 100 F.3d 514,

518 (7th Cir. 1996). The need for secrecy of grand jury proceedings is well documented in

federal cases:

> We consistently have recognized that the proper functioning of our grand jury
> system depends upon the secrecy of grand jury proceedings.  In particular, we
> have noted several distinct interests served by safeguarding the confidentiality of
> grand jury proceedings.  First, if preindictment proceedings were made public,
> many prospective witnesses would be hesitant to come forward voluntarily,
> knowing that those against whom they testify would be aware of that testimony.
> Moreover, witnesses who appeared before the grand jury would be less likely to
> testify fully and frankly, as they would be open to retribution as well as to
> inducements.  There also would be the risk that those about to be indicted would
> flee, or would try to influence individual grand jurors to vote against indictment.
> Finally, by preserving the secrecy of the proceedings, we assure that persons who
> are accused but exonerated by the grand jury will not be held up to public
> ridicule.

*United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983) (citing *Douglas Oil Co. v. Petrol*

*Stops Northwest*, 441 U.S. 211, 218-19 (1979)).

In light of these concerns, "disclosure is available only where the material is related

directly to identifiable litigation, pending or anticipated, and the party requesting the information

demonstrates a compelling need for the material." *United States v. Campbell*, 294 F.3d 824, 827 (7th Cir. 2002) (*per curiam*). Accordingly, Rule 6(e)(3)(E) requires a strong showing of particularized and compelling need for grand jury materials before any disclosure will be permitted. *EyeCare Physicians*, 100 F.3d at 518; *United States v. Puglia*, 8 F.3d 478, 480 (7th Cir. 1993); *Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir. 1984); *Sells Eng'g*, 463 U.S. at 443. "'Parties seeking grand jury transcripts . . . must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *EyeCare Physicians*, 100 F.3d at 518 (quoting *Douglas Oil*, 441 U.S. at 222). "Although 'as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification' for their disclosure, the interests in secrecy are 'not eliminated merely because the grand jury has ended its activities.'" *Hernly v. United States*, 832 F.2d 980, 984 (7th Cir. 1987) (quoting *Douglas Oil*, 441 U.S. at 222-23).

Johnson has not made an adequate showing to justify disclosure in this case even though he has already been indicted. Instead he merely states that he needs the materials to avoid the injustice of a wrongful conviction. This is insufficient to make the strong showing of compelling and particularized need to justify deviation from the normal secrecy of grand jury proceedings. The Court therefore will deny Johnson's motion (Doc. 32).

**II.     Motion to Compel Disclosure of Promises of Immunity, Leniency or Preferential Treatment of Witnesses** (Doc. 43)

Johnson asks the Court to order disclosure of any benefits the Government has offered or promised to witnesses it plans to call to testify against Johnson.  The Government responds that it is aware of its obligation to disclose such information to the defendant and that it has and will continue to do so.

This motion is governed by *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 155 (1972), and their progeny.  Those cases hold that the prosecution has the duty to ensure that criminal trials are fair by disclosing evidence that is favorable to the defendants or that impeaches a Government witness.  There is no doubt that a defendant is entitled to disclosure of all evidence that "would tend to exculpate" him, *Brady*, 373 U.S. at 88, and all evidence that casts doubt on the credibility of prosecution witnesses and is material to the outcome of the trial.  *See United States v. Bagley*, 473 U.S. 667, 676 (1985);  *Giglio*, 405 U.S. at 155; *see United States v. Hamilton*, 107 F.3d 499, 509 (7th Cir. 1997).  The prosecutor must disclose not only evidence known to him, but he also "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

Evidence is material to the outcome of the trial if "its suppression undermines confidence in the outcome of the trial," *Bagley*, 473 U.S. at 678, because there is a "reasonable probability" that disclosure would bring about a different result at trial,  *Kyles*, 514 U.S. at 434.  *United States v. Kimoto*, 588 F.3d 464, 474 (7th Cir. 2009);  *Hamilton*, 107 F.3d at 509.  Any such material or portions of material simply must be disclosed.  However, "[t]he materiality standard is not met by '[t]he mere possibility that an item of undisclosed information might have helped the defense,

or might have affected the outcome of the trial. . . .'" *Hamilton*, 107 F.3d at 509 (quoting *United States v. Agurs*, 427 U.S. 97, 109-10 (1976)).  *Brady*, *Giglio* and their progeny do not require disclosure of "every possible shred of evidence that could conceivably benefit the defendant." *Hamilton*, 107 F.3d at 509.

The Government has acknowledged its continuing obligations under *Brady*, *Giglio* and their progeny.  It has been repeatedly held that where the Government has made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient.  *See Strickler v. Greene*, 527 U.S. 263, 283 n. 23 (1999); *see, e.g.*, *United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1992) ("First, to the extent that Alex's requests for information fall within the scope of *Brady*, the government's promise to comply with the dictates of *Brady* renders Alex's motion moot."); *United States v. Dominguez*, 131 F.R.D. 556, 559 (N.D. Ill. 1990) (Government's assurances of compliance with *Brady* and *Giglio* in response to discovery motions were sufficient);  *United States v. Leichtfuss*, 331 F. Supp. 723, 730-31 (N.D. Ill. 1971) (Government's statement that it understood its obligations and would comply with them was sufficient).  *See also United States v. Withers*, 303 F. Supp. 641, 645 (N.D. Ill. 1969) (Government's promise to comply with *Brady* was sufficient to moot discovery motions).

Accordingly, the Court will deny as moot the defendant's motion (Doc. 43).  However, the Government is reminded that any doubt as to whether disclosure is required must be resolved in favor of disclosure.

III.    **Motion for Disclosure of Informants' Identity, Acts and Statements** (Doc. 44)

Johnson asks the Court to order disclosure of various pieces of information about the Government's confidential informants.  The Government responds that it has provided all

discovery regarding its confidential informant except disclosure of the informant's identity.

As a preliminary matter, as noted above, the Government has acknowledged its duties under *Brady* and *Giglio* to provide exculpatory or impeaching evidence and is confident that if such information relates to confidential informants, the Government will disclose the information as it has promised.

As for other information about confidential informants, the "confidential informant privilege" protects from disclosure a confidential informant's identity. *Roviaro v. United States,* 353 U.S. 53 (1957). "The government is granted this limited privilege as a right, and need not make a threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege." *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994); *accord Dole v. Local 1942, Int'l Bhd. of Elec. Workers*, 870 F.2d 368, 372 (7th Cir. 1989). "While a defendant can overcome the confidential informant privilege by demonstrating a need for the information, he bears this burden in the face of an assumption that the privilege should apply." *Valles*, 41 F.3d at 358; *accord United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993). "[T]he government may withhold the identity of a confidential informant in furtherance of the public interest in law enforcement unless the identity is relevant or helpful to the defense or essential to a fair determination of cause." *United States v. Banks*, 405 F.3d 559, 564 (7th Cir. 2005); *United States v. Jefferson*, 252 F.3d 937, 941 (7th Cir. 2001). If the defendant asserts such a need, the Court must balance "the public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in a fair trial" to determine whether the Government must disclose the identity of an informant. *United States v. Andrus,* 775 F.2d 825, 841 (7th Cir. 1985); *accord Roviaro*, 353 U.S. at 62; *Jefferson*, 252 F.3d at 940-41;

*Valles*, 41 F.3d at 358. In assessing the balance, the Court should consider "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62; *accord Valles*, 41 F.3d at 358.

In his motion, the defendant has not carried his burden of showing that the identity of the confidential informant is important to ensure that he receives a fair trial or that his need for any confidential informant's identity outweighs the public's interest in obtaining information. Accordingly, the Court will deny the motion.

## IV.    Conclusion

For all of the foregoing reasons, the Court **DENIES** Johnson's motions (Docs. 32, 43 & 44). The Court further **FINDS** that, pursuant to 18 U.S.C. § 3161(h)(1)(D), the following periods are **EXCLUDABLE** under the Speedy Trial Act:

- the period that the defendant's first motion was pending, March 26, 2012, through May 16, 2012, 30 days after the motion was fully briefed and taken under advisement by the Court, *see* 18 U.S.C. § 3161(h)(1)(H); and

- the period that the defendant's second and third motions were pending, April 25, 2012, through June 2, 2012, 30 days after the motion was fully briefed and taken under advisement by the Court, *see* 18 U.S.C. § 3161(h)(1)(H).

**IT IS SO ORDERED.**
**DATED:  June 4, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**